# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| William J. Kawam<br>  *Plaintiff*<br><br>v.<br><br>Dennis J. Stilger, P.S.C.<br>  *Defendant*<br>Serve:<br>  Dennis J. Stilger<br>  6000 Brownsboro Park Boulevard<br>  Suite H<br>  Louisville, KY 40207<br><br>Dennis J. Stilger<br>  *Defendant*<br>Serve:<br>  6000 Brownsboro Park Boulevard<br>  Suite H<br>  Louisville, KY 40207 | Case No. 3:16-CV-824-DJH |

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking actual damages, statutory damages, and injunctive relief individually and on behalf of a proposed class of Kentucky consumers for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. § 1692k(d). This Court also has supplemental jurisdiction of claims made pursuant to

Kentucky state statute pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff William J. Kawam is a natural person who resides in Jefferson County, Ky. Mr. Kawam is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Dennis J. Stilger, P.S.C. ("DJS") is a domestic professional services corporation which has registered with the Kentucky Secretary of State. DJS is engaged in the business of collecting debts from consumers in this state. DJS's principal place of business is located at 6000 Brownsboro Park Boulevard, Suite H, Louisville, KY 40207.

5. DJS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

6. Dennis J. Stilger ("Stilger") is a natural person and attorney at law whose principal business office is located at 6000 Brownsboro Park Boulevard, Suite H, Louisville, KY 40207.

7. Stilger regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and, as he himself advertises, is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. On October 14, 2016, Plaintiff William J. Kawam and a second plaintiff filed a lawsuit against Double Hill, LLC ("Double Hill") in the Jefferson Circuit Court of Jefferson

County, Kentucky under case number 16-CI-005106 seeking relief against Double Hill for its alleged violations of the Kentucky Consumer Protection Act and of the Uniform Residential Landlord Tenant Act (the "KCPA Lawsuit").

9. The KCPA complaint arose from provisions in a lease agreement between Mr. Kawam and Double Hill, as well as from actions taken by Double Hill in its prosecution of a lawsuit against Mr. Kawam and other defendants attempting to recover alleged damages arising from the lease agreement. That action (*Double Hill, LLC v. William J. Kawam* et al., Jefferson District Court, Case No. 16-C-00595) is still pending (the "Double Hill Lawsuit").

10. The alleged attorneys fees that Defendants seek from Mr. Kawam, and that formed the basis of the Double Hill legal claim asserted by lawsuit counter claim against Kawam, were developed and allegedly incurred by Mr. Kawam solely for personal, family, or household purposes, which makes the alleged unpaid attorney fees sought a "debt" within the meaning of the FDCPA.

11. On November 2, 2016, DJS, by and through attorney Dennis J. Stilger, appeared in the KCPA Lawsuit on behalf of Double Hill and filed an answer and counterclaim on its behalf (the "Double Hill Counterclaim"). A copy of the Double Hill Counterclaim is attached hereto as Exhibit "A."

12. Paragraphs 6-10 of the Double Hill Counterclaim sought, *inter alia*, recovery of the alleged damages at the basis of the still-pending Double Hill Lawsuit.

13. Paragraph 10 of the Double Hill Counterclaim also affirmatively alleged as follows:

> 10. The Plaintiffs and Counter Defendants, William J. Kawam and Anthony Njorge, jointly and severally, are further indebted to the Defendant and Counter Plaintiff, Double Hill, LLC, for

legal costs and reasonable attorney fees for the bringing of this action, pursuant to Paragraph 27 of the Rental Agreement.

14. At the time the Double Hill Counterclaim was filed, <u>no judgment was entered against Mr. Kawam, either in the Double Hill Lawsuit or in any other, that awarded Double Hill its "legal costs and reasonable attorney fees" against Mr. Kawam</u>.

15. Paragraph 27 of the rental agreement between Mr. Kawam and Double Hill, to which numerical paragraph 10 of the Double Hill Counterclaim refers, states as follows:

> 27) **LITIGATION AND ATTORNEY FEES:** IF WE UNDERTAKE LEGAL PROCEEDINGS TO EVICT YOU OR TO COLLECT FROM YOU, YOU AGREE TO PAY US REASONABLE LEGAL FEES IN SUCH PROCEEDINGS IN ADDITION TO THE AMOUNTS OTHERWISE DUE FROM YOU, TOGETHER WITH THE COSTS OF COLLECTION. ALL PERSONS SIGNING THIS AGREEMENT HEREBY WAIVE TRIAL BY JURY IN ANY ACTION ARISING OUT OF THIS AGREEMENT.

16. The rental agreement between Mr. Kawam and Double Hill was entered into between Mr. Kawam and Double Hill in Jefferson County, Kentucky.

17. The rental agreement between Mr. Kawam and Double Hill was, and is, a "rental agreement" within the meaning of the URLTA, KRS 383.545(11), and 1994 Jeff. Code § 151.02.

18. Mr. Kawam denies breaching the rental agreement between himself and Double Hill, and, alternatively to the extent there was any breach of the rental agreement, the breach was not willful.

19. Jefferson County, Kentucky has opted into Kentucky's Uniform Residential Landlord Tenant Act ("URLTA"), KRS 383.505 *et seq.* pursuant to the provisions of KRS 383.500. 1994 Jeff. Code § 151.01 *et seq.*

20. The URLTA, as adopted by Jefferson County, Kentucky, provides as follows:

   (A) A rental agreement may not provide that the tenant:

   (1) Agrees to waive or forego rights or remedies under this chapter;

   (2) Authorizes any person to confess judgment on a claim arising out of the rental agreement;

    (3) Agrees to pay the landlord's attorney's fees; or

    (4) Agrees to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or the costs connected therewith.

  (B) A provision prohibited by subsection (A) of this section in a rental agreement is unenforceable.

KRS 383.570; 1994 Jeff. Code § 151.24.

  21. Pursuant to the above-quoted provision of the URLTA, the attorney fee provision of Paragraph 27 of the rental agreement between Mr. Kawam and Double Hill is a provision prohibited by URLTA and was, and is, unenforceable.

  22. Therefore, at the time it was made, DJS's and Stilger's affirmative allegation that Kawam owed Double Hill "attorney fees… pursuant to Paragraph 27 of the Rental Agreement" and DJS's and Double Hill's demand for attorney's fees in the KCPA Lawsuit sought to collect a debt from Mr. Kawam which Mr. Kawam <u>did not owe</u>.

  23. On December 16, 2016, <u>the Jefferson Circuit Court entered an order dismissing Double Hill's counterclaim in the KCPA Lawsuit as unlawful and void</u> under the URLTA. A copy of the order of dismissal is attached as Exhibit "B."

  24. The December 16, 2016 order holds, in pertinent part:

> As argued by the Plaintiffs, KRS 383.570(1)(a) provides that a lease may not provide for payment of the landlord's attorney's fees. Further, in subsection (1)(a), a lease may not require a tenant to "waive or forego rights or remedies under KRS 383.505 to 383.715." It appears that the provision waiving the tenant's right to trial by jury is also unenforceable.

  25. As a pattern and practice, DJS and Stilger have collected, or attempted to collect, attorney fees from numerous Kentucky consumers as part of their debt collection activities pursuant to debts within the meaning of the FDCPA in civil eviction lawsuits or other civil lawsuits without a contract right or statutory right to claim and/or demand such attorney's fees as

due and owing or having any legal right to collect, or attempt to collect, such attorney fees.[1]

## CLASS ALLEGATIONS

26. Plaintiff William J. Kawam brings this action individually and as a class action on behalf of a proposed class of consumers in the Commonwealth of Kentucky similarly situated (the "Class"), of which Class he is a member, comprised of the following persons:

**CLASS:** All Kentucky consumers from whom DJS and/or Stilger, or their respective agents, employees, or representatives, collected or attempted to collect attorney's fees pursuant to debts within the meaning of the FDCPA arising from residential rental or lease agreements entered into within localities which have, pursuant to KRS 383.500, opted into Kentucky's URLTA, 383.505 *et seq.*, and hence render any provisions in said residential or rental or lease agreements for recovery of attorney's fees void and unenforceable. The Class is further subdivided as follows:

**Subclass A:** Those members of the Class against whom such conduct occurred within one (1) year prior to the date of the filing of this Complaint for purposes of the FDCPA, 15 U.S.C. § 1692 *et seq.*, for debts within the meaning of the FDCPA.

**Subclass B:** Those members of the Class against whom such conduct occurred within five (5) years prior to the filing of this Complaint for violation of Kentucky statute, namely KRS 383.570, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute as set forth in KRS 413.120(2).

27. This action seeks actual damages for all members of the proposed Class under Kentucky state statutes pursuant to KRS 446.070; actual damages and maximum statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2), for all members of the proposed

---

[1] *See Bell v. Commonwealth*, 423 S.W.3d 742 (Sup. Ct. Ky. 2014).

class; for injunctive relief against DJS and Stilger enjoining them from further violation of such state and federal law; and for an award of attorneys' fees and allowable court costs.

28. The proposed Class as set out *supra,* and so represented by Plaintiff William J. Kawam in this action, and of which he himself is a member, consists of those persons defined above and which proposed class is so numerous that joinder of individual members is impracticable.

29. Plaintiff's claims are typical of the claims of the proposed Class as set out *supra*.

30. There are common questions of law and fact applicable to the members of the proposed Class in this action that relate to and affect the rights of each member of the proposed Class, and the relief sought is common to the entirety of the proposed Class. In particular, all members of the proposed Class have the same issues of fact and law in common: namely, whether collecting or attempting to collect attorney's fees pursuant to collection of a debt arising from a residential rental or lease agreement entered into within a locality in the Commonwealth of Kentucky which has opted into the URLTA, KRS 383.505 *et seq.* violates the FDCPA and URLTA.

31. There is no known conflict between Plaintiff and any other members of the proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

32. Plaintiff is the representative party for the proposed Class and is able to, and will, fairly and adequately protect the interest of the proposed Class.

33. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

34. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

35. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed classes creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

36. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

37. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

38. The identity of each individual member of the proposed Class can be ascertained from the books and records maintained by Defendant, and/or from public records.

39. Because many of the persons who comprise the proposed classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

**A. Violation of the Fair Debt Collection Practices Act ("FDCPA")**

40. The above-described actions of Defendants Dennis J. Stilger, P.S.C. ("DJS") and Dennis J. Stilger ("Stilger") constitute violations of the FDCPA. DJS and Stilger's violations of the FDCPA include, but are not limited to:

   a. Violation of 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of a debt from Mr. Kawam and from members of the Class;

   b. Violation of 15 U.S.C. § 1692e(2)(A) by engaging in the false representation of the character, amount, or legal status of any debt to Mr. Kawam and to members of the Class;

   c. Violation of 15 U.S.C. § 1692e(5) by taking or threatening to take an action that cannot legally be taken against Mr. Kawam and members of the Class;

   d. Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect a debt from Mr. Kawam and members of the Class;

   e. Violation of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Mr. Kawam and from members of the Class;

   f. Violation of 15 U.S.C. § 1692f(1) by the collection or attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) from Mr. Kawam and from members of the Class when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

### B. Violation of Kentucky Statute

41. The above-described actions of Defendants Dennis J. Stilger, P.S.C. ("DJS") and Dennis J. Stilger ("Stilger") violate Kentucky's Uniform Residential Landlord Tenant Act ("URLTA"), KRS 383.505 *et seq.*, as adopted by Jefferson County, Kentucky, 1994 Jeff. Code §151.01 *et seq.*, and by other localities within the Commonwealth of Kentucky.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William J. Kawam, on behalf of himself and all members of the proposed Class, requests that the Court grant the following relief:

1. Award Plaintiff and members of the proposed Class actual damages equivalent to all unauthorized attorney fees paid to Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1), and KRS 446.070;

2. Award Plaintiff and the proposed Class members maximum statutory damages against each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Award Plaintiff and the proposed Class members reasonable attorney's fees and costs in this action pursuant to 15 U.S.C. § 1692k(a)(3);

4. Grant Plaintiff and the proposed Class members an injunction, enjoining Dennis J. Stilger, P.S.C. and Dennis J. Stilger from collecting or attempting to collect attorney fees pursuant to collection of a debt arising from a residential rental or lease agreement entered into within a locality in the Commonwealth of Kentucky which has opted into the URLTA, KRS 383.505 *et seq.*;

5. Trial by jury; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com